UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| A.D., a minor, by and through guardians ad litem, B.D. and A.D.,<br><br>Plaintiff,<br><br>v.<br><br>PARK CITY SCHOOL DISTRICT,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING STIPULATED MOTION TO PROCEED PSEUDONYMOUSLY (DOC. NO. 21)**<br><br>Case No. 2:23-cv-00665<br><br>District Judge Howard C. Nielsen, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff A.D., by and through his parents and guardians ad litem, B.D. and A.D., filed suit against Defendant Park City School District seeking: review of an administrative decision issued by the State Board of Education; to compel Park City School District to provide A.D. with an education program and reimburse costs of privately-obtained education, pursuant to the Individuals with Disabilities Education Improvement Act;[1] and declaratory and injunctive relief.[2] The parties filed a stipulated motion seeking leave to allow the minor A.D. and his parents to proceed by pseudonym.[3] The court grants the motion because this case implicates matters of a highly sensitive and personal nature.[4]

---

[1] 20 U.S.C. § 1400 *et seq*.

[2] (Compl., Doc. No. 1).

[3] (Stip. Mot. to Proceed Pseudonymously ("Mot."), Doc. No. 21.)

[4] Oral argument is unnecessary; this decision is based on the parties' stipulated motion. *See* DUCivR 7-1(g).

1

BACKGROUND

This matter concerns the adequacy of educational opportunities and placements afforded to, or not afforded to, A.D.[5] Plaintiff contends A.D. suffers from disabilities stemming from his diagnoses of autism, attention deficit hyperactivity disorder, and learning disabilities in math and written language.[6] Plaintiff contends Park City School District did not adequately provide for special-education services that accommodated A.D.'s disabilities and discriminated against him on the basis of those disabilities.[7]

The parties filed the instant motion asking that Plaintiff be allowed to proceed anonymously. To accomplish this, they ask that both the minor A.D., and his parents, B.D. and A.D., be allowed to proceed pseudonymously and to redact their personal information from public filings.[8] Plaintiff also agrees to disclose the identity of all pseudonymous parties to the court in a sealed filing.[9]

LEGAL STANDARDS

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties."[10] No provision in the federal rules permits "suits by persons

---

[5] (*See* Compl., Doc. No. 1.) All instances of "A.D." refer to the minor known as A.D., rather than the parent who shares the same initials, unless otherwise specified.

[6] (*Id.* at 3.)

[7] (*Id.* at 16–23.)

[8] (Mot. 2, Doc. No. 21.)

[9] (*Id.*)

[10] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a).

2

using fictitious names" or "anonymous plaintiffs."[11]  However, "exceptional circumstances" may warrant "some form of anonymity in judicial proceedings."[12]  Exceptional circumstances include those "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[13]  In deciding whether to preserve anonymity, the court weighs these exceptional circumstances against the public's interest in access to legal proceedings.[14]  Courts enjoy "discretion [in] allow[ing] a plaintiff to proceed using a pseudonym."[15]  If a court grants permission for plaintiffs to proceed anonymously, "it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter."[16]  When no permission is granted, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."[17]

---

[11] *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

[12] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

[13] *Id.* (internal quotation marks omitted).

[14] *See id.*

[15] *U.S. Dep't of Just. v. Utah Dep't of Com.*, No. 2:16-cv-00611, 2017 U.S. Dist. LEXIS 34882, at *3 (D. Utah Mar. 10, 2007) (unpublished) (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).

[16] *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

[17] *Id.*

ANALYSIS

The parties suggest this case implicates one of the "exceptional circumstances" the Tenth Circuit has recognized as warranting anonymity.[18]  Their arguments further suggest this case involves matters of a highly sensitive and personal nature.[19]

For such an exceptional circumstance to apply, disclosure of a plaintiff's identity must implicate "significant privacy interests."[20]  "[T]he normal practice of disclosing [a] part[y's] identit[y] yields to a policy of protecting privacy in a very private matter" including situations like this one that require "divulg[ing] personal information of the utmost intimacy."[21]  District courts within the Tenth Circuit have concluded that cases of discrimination against minors involve matters of a highly sensitive and personal nature and have allowed the minor and their parents to proceed pseudonymously.[22]  Although adult parents do not enjoy a heightened privacy interest themselves, a child "and his parents share common privacy interests based on their inseparable relationship to one

---

[18] (*See* Mot. 3, Doc. No. 21.)

[19] (*Id.*)

[20] *See Nat'l Commodity*, 886 F.2d at 1245.

[21] *Coe v. U.S. Dist. Ct.*, 676 F.2d 411, 416 (10th Cir. 1982) (internal quotation marks omitted).

[22] *E.g.*, *W.P. v. Teton Cnty. Sch. Dist. No. 1*, No. 20-CV-99, 2020 U.S. Dist. LEXIS 262318, at *2 (D. Wyo. June 11, 2020) (unpublished) (involving claims of disability discrimination of a child in an educational setting); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042, 2018 U.S. Dist. LEXIS 116054, at *4 (D. Kan. July 12, 2018) (unpublished) (involving sex and gender harassment); *see also Poe v. Drummond*, No. 23-CV-177, 2023 U.S. Dist. LEXIS 122143, at *17 (N.D. Okla. July 17, 2023) (unpublished) (involving a challenge of the constitutionality of a state law impacting care for transgender patients who are minors).

another."[23]  "Ordering disclosure of the parent's identities would place—in effect—personally identifiable and confidential information about the alleged [harm to] a minor in the public record."[24]

The subject matter of this case—providing an appropriate education for a child with disabilities—implicates personal information of the utmost intimacy because it requires the court to evaluate and discuss A.D.'s medical information, including behavioral challenges stemming from his various diagnoses.  Where this category is afforded somewhat heightened privacy, it weighs against disclosure of the pseudonymous plaintiff's identity.

Furthermore, public interest in access to the identities of the parties in this proceeding appears relatively limited.  Unlike situations in which the public has a greater interest in full access to such information—such as cases involving a challenge to the constitutionality of popularly enacted legislation[25]—this case involves a single student claiming disability discrimination and seeking an individual remedy.  To the extent this case presents any public interest, it seems, at least at this time, to be limited to the precedential value of the case itself.  The use of pseudonyms does not impair any precedential value of this case.  Based on the foregoing, the court agrees with the parties that A.D. and his parents, B.D. and A.D., should be permitted to proceed pseudonymously.

---

[23] *S.E.S.*, 2018 U.S. Dist. LEXIS 116054, at *2.

[24] *Id.*

[25] *See Femedeer*, 227 F.3d at 1246.

CONCLUSION

Where the motion to proceed pseudonymously is stipulated and this case implicates matters of a highly sensitive and personal nature, the motion[26] is granted. Accordingly, the minor plaintiff, A.D., and his parents, B.D. and A.D, may proceed pseudonymously in this action.  Within fourteen days of this order, the pseudonymous plaintiffs shall file, under seal: a disclosure containing the true legal name of A.D., and his parents, B.D. and A.D.  That filing shall be maintained under seal unless otherwise ordered.[27]

DATED this 19th day of March, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[26] (Doc. No. 21.)

[27] The parties indicate Park City School District already knows A.D.'s and his parents' identities.  (Mot. 3, Doc. No. 21.)  Accordingly, the court need not order the disclosure typically due to a defendant facing a case brought by a pseudonymous plaintiff.